UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUAN COTO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | No. CV 07-3559-PLA<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on June 5, 2007, seeking review of the Commissioner's denial of his applications for Disability Insurance Benefits and Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on June 8, 2007, and June 12, 2007. Pursuant to the Court's Order, the parties filed a Joint Stipulation on March 14, 2008, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on June 15, 1961. [Administrative Record ("AR") at 159, 163-64.] He has a third grade education [AR at 62, 709], and past relevant work experience as a forklift operator. [AR at 51, 77, 168-69, 178, 688.]

On May 15, 2000, plaintiff filed the instant applications for Disability Insurance Benefits and Supplemental Security Income payments, alleging that he has been unable to work since November 1, 1994, due to back pain. [AR at 159-61, 177, 633-35.] After his applications were denied, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 152.] A hearing was held on March 11, 2002, at which time plaintiff appeared with a non-attorney representative and testified on his own behalf. Plaintiff's wife and a vocational expert also testified. [AR at 43-91.] On April 26, 2002, the ALJ determined that plaintiff was not disabled. [AR at 136-46.] Plaintiff requested review of the hearing decision, which was denied. Joint Stipulation ("Joint Stip.") at 2.[1] Plaintiff then sought review in this Court. On September 11, 2002, the parties stipulated to a remand of the action to the Commissioner for further administrative proceedings, which was ordered by the Court. [AR at 37-39.] On February 20, 2003, the Appeals Council issued an order remanding the action to the ALJ. [AR at 154-56.]

On July 29, 2003, a second hearing was held before the same ALJ, at which plaintiff appeared with counsel and testified on his own behalf. A vocational expert also testified. [AR at 92-133.] On December 9, 2003, the ALJ again found plaintiff not disabled. [AR at 7-16.] Plaintiff sought review in this Court. On December 14, 2004, the parties entered into a second stipulated remand of the action to the Commissioner for further administrative proceedings. The Court ordered the matter remanded. [AR at 789-93.] On January 6, 2005, the Appeals Council issued an order remanding the action to the ALJ. [AR at 783-88.]

---

[1] The record does not contain documentation of the review by the Appeals Council. However, the parties do not dispute that review was sought at that level. [Id.]

2

On January 3, 2006, and May 8, 2006, a new ALJ conducted additional hearings regarding plaintiff's claim, at which plaintiff appeared with counsel and testified on his own behalf. A vocational and a medical expert also testified. [AR at 683-772.] On July 27, 2006, the ALJ issued a partially favorable decision, in which he found plaintiff eligible for a closed period of disability between November 1, 1994, and January 7, 1996. [AR at 650-66.] Plaintiff requested review of the hearing decision. [AR at 646.] On May 12, 2007, the Appeals Council reversed the favorable portion of the ALJ's decision and concluded that plaintiff had not established disability at any time during the alleged period of disability. [AR at 638-43.] This action followed.

### III.

### **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

/
/
/
/

# IV.

# THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

## A.  THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996).  In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.  Id.  If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied.  Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded.  Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied.  Id.  The claimant has the burden of proving that he is unable to perform past relevant work.  Drouin, 966 F.2d at 1257.  If the claimant meets this burden, a prima facie case of disability is established.  The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy.  The determination of this issue comprises the fifth and final step in the

sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.     THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since the alleged onset date of the disability. [AR at 660.] At step two, the ALJ concluded that plaintiff has the following "severe" impairment: lumbar spine degenerative disc disease. [AR at 661.] At step three, the ALJ determined that, as of January 8, 1996, plaintiff's impairment did not meet or equal any of the impairments in the Listing. [AR at 662.][2] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[3] to perform unskilled light work. [AR at 662-64, 665.] Specifically, the ALJ concluded that plaintiff could lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently, stand and/or walk up to four hours in an eight-hour day, and sit up to six hours in an eight-hour day. The ALJ noted that plaintiff would need to sit for 10 minutes for every 50 minutes he stands, and stand and stretch for 10 minutes for every 50 minutes he sits. The ALJ further concluded that plaintiff only occasionally could climb stairs and ramps; balance, stoop and kneel; and perform pedal operations. [AR at 18.] The ALJ also concluded that plaintiff could never climb ladders, walk on uneven terrain, or work at unprotected heights, and requires a cane to ambulate distances exceeding 50 feet. [AR at 662.] At step four, the ALJ concluded that plaintiff is not capable of performing his past relevant work as a forklift operator. [AR at 664.] Finally, at step five, the ALJ found that plaintiff could perform alternative work that exists in significant numbers throughout the national economy, specifically work as an assembler and inspector. [AR at 665.] Accordingly, the ALJ found plaintiff not disabled as of January 8, 1996. [Id.]

---

[2]     As noted above, the Appeals Council reversed the ALJ's finding of disability during the period between November 1, 1994, and January 7, 1996, concluding that plaintiff was not entitled to benefits at any time during the alleged period of disability. [AR at 638-43.]

[3]     RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

## V.

## **THE ALJ'S DECISION**

Plaintiff contends that the ALJ: (1) exceeded the scope of the Court's order on remand; and (2) erred in finding that plaintiff retained the RFC to perform alternative work. Joint Stip. at 4. As to the first claim, plaintiff argues that the previous ALJ's finding that plaintiff was limited to standing/walking for two hours in an eight-hour workday was the law of the case and could not be disturbed on remand. Plaintiff further argues that any review of the stand/walk limitation by the subsequent ALJ went beyond the scope of the stipulated remand order and thus violated the rule of mandate. Joint Stip. at 5-10. As set forth below, the Court agrees with plaintiff, and remands the matter for further proceedings.

**A.     Background**

The Court did not address the merits of plaintiff's claim on either of the first two appeals. Rather, both times the Court approved the parties' stipulation for remand and entered judgment remanding the action to the ALJ. The remand order at issue here, entered December 21, 2004, ordered the ALJ to do two specific things: (1) clarify the reaching limitation and obtain supplemental vocational expert testimony to address the clarified finding, and, if applicable, explain any discrepancies between the new vocational expert testimony and the Dictionary of Occupational Titles; and (2) properly consider the treating physician's opinions and give specific and legitimate reasons for rejecting any portion of the treating physician's findings that the ALJ did not accept. [AR at 789-90.]

The Appeals Council remanded this action to the ALJ with the following order:

> Give further consideration to, and clarify with respect to reaching abilities, the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p). In so doing, evaluate the treating source opinion pursuant to the provisions of 20 CFR [§§] 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence. As appropriate, the Administrative Law Judge may request the treating source to provide additional evidence and/or further clarification of the opinion (20 CFR [§§] 404.1512 and 416.912).

[AR at 787-88.]

In carrying out the order of the Appeals Council, the ALJ concluded that "Administrative Law Judge Kent's December 9, 2003 residual functional capacity was rejected by the Appeals Council as not supported by the evidence. The Administrative Law Judge agrees on remand." [AR at 662.] The ALJ then proceeded to conduct an entirely new RFC analysis, rejecting, among other things, the previous ALJ's finding that plaintiff could stand/walk for only two hours in an eight-hour workday and finding instead that plaintiff could stand/walk for up to four hours in an eight-hour workday. [AR at 662-64.]

**B.     Law of the Case**

In Ischay v. Barnhart, 383 F.Supp.2d 1199 (C.D.Cal. 2005), the district court addressed the application of the law of the case in a social security action. In Ischay, the court was reviewing a social security action for the third time. On the first appeal, the court found error in the ALJ's opinion and remanded for further proceedings. On a second appeal, the court entered judgment remanding the action again pursuant to a stipulation by the parties. Id. at 1203, 1208. Pursuant to the stipulated remand, the ALJ was to obtain vocational expert testimony regarding the step five issue of vocational adjustment as it affected the ALJ's conclusion that plaintiff could perform alternative work at the light extertional level. Id. at 1208. On remand, the ALJ held two additional hearings and ultimately issued a decision reconsidering the plaintiff's entire claim of disability and finding him not disabled at step four of the sequential evaluation because plaintiff could perform his past relevant work. Id. at 1208-12.

On appeal from the second remand, the district court concluded that the ALJ violated the law of the case by reconsidering steps one through four of the sequential evaluation which had already been adjudicated in the district court. The court stated that "[u]nder the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" Id. at 1214.

The court premised its opinion in part on Holst v. Bowen, 637 F.Supp. 145 (E.D.Wash. 1986). Ischay, 383 F.Supp.2d at 1215-16. In Holst, the ALJ found the plaintiff eligible for a closed

1  period of disability but otherwise denied his claim. The plaintiff appealed to the district court. The
2  district court remanded the action to the ALJ for reconsideration in light of new Ninth Circuit
3  authority. On remand, the ALJ concluded that the circuit authority did not apply to the case and
4  proceeded to conduct a whole new analysis pursuant to the sequential evaluation. Ultimately, the
5  ALJ concluded that the plaintiff had never met the requirements for disability. Holst, 637 F.Supp.
6  at 146.

7  The court in Holst found that the ALJ had overstepped his bounds. The court noted that
8  the plaintiff had not appealed the finding that he was disabled during the closed period of disability,
9  and went on to conclude that "[t]he unambiguous tenor of the order of remand necessarily
10 assumed the validity of the finding that claimant was disabled between August 10, 1978 and
11 March 1, 1981. The fact of Mr. Holst's disability during that period thereby became the law of the
12 case and not subject to tampering in further administrative proceedings." Id. at 147.

13 Under the reasoning of Holst, it would appear in the instant matter that the stand/walk
14 limitation assessed by the previous ALJ was the law of the case, and thus could not be altered by
15 the ALJ on remand. As in Holst, this finding was not appealed by the parties and was not
16 considered by the district court. Moreover, the December 21, 2004, remand order "necessarily
17 assumed the validity" of the stand/walk limitation, as it sought clarification only of the reaching
18 limitation. Id. Under analogous circumstances, the court in Holst concluded that such a finding
19 was the law of the case and must be followed by the lower court. Id. at 146-47.

20 Defendant vigorously argues that the law of the case does not apply in the social security
21 context, and particularly not under the circumstances of plaintiff's case. Specifically, defendant
22 argues that Ischay's holding as to the applicability of the law of the case is not relevant to the
23 instant analysis because here, unlike in Ischay, the district court has never ruled on the merits of
24 plaintiff's claims and thus has not created any "law of the case." Joint Stip. at 10-13. However,
25 in Ischay the court was careful to note that "[t]he [law of the case] doctrine does not require that
26 any issue actually have been adjudicated; rather, it applies to this Court's 'explicit decisions as well
27 *as those issues decided by necessary implication.*'" Ischay, 383 F.Supp.2d at 1217, quoting
28 United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995) (emphasis in original). Nevertheless, even

if this Court were to reject this authority and accept defendant's argument as to the law of the case doctrine, as discussed below, it must still find that the ALJ violated the rule of mandate.

Defendant also seems to argue that the ALJ was justified in conducting a new RFC analysis pursuant to 20 C.F.R. §§ 404.983, 416.1483. Joint Stip. at 10. Those regulations allow an ALJ to consider "any issues" related to a claim. Moreover, as defendant notes, an ALJ may take additional action that is not inconsistent with the Appeals Council's remand order. 20 C.F.R. §§ 404.977, 416.1477.

First, the issue of plaintiff's stand/walk limitation is not related to plaintiff's reaching limitation. Further, the stand/walk limitation is only related to the issue of the treating physician's opinion to the extent that an acceptance of the treating physician's findings would have further limited, not enlarged, plaintiff's ability to stand/walk. [AR at 627.] Accordingly, the ALJ's decision to reconsider plaintiff's RFC in this regard, and ultimately find that plaintiff has a greater capacity for standing and walking, was not related to the issues on remand and thus could not be considered on remand pursuant to 20 C.F.R. §§ 404.983 and 416.1483.

Moreover, as explained below, the ALJ's decision was not entirely consistent with the Appeals Council's order in that the ALJ incorrectly concluded that the Appeals Council had rejected the previous RFC assessment as not supported by the evidence and thus required reconsideration of the plaintiff's RFC as a whole. Accordingly, the ALJ's renewed RFC analysis was not authorized by 20 C.F.R. §§ 404.977 and 416.1477.

**C.    Rule of Mandate**

In addressing the scope of issues to be addressed by an ALJ pursuant to a district court's order remanding the case, the United States Supreme Court has explained:

> Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. Often, complex legal issues are involved, including classification of the [plaintiff's] alleged disability or his or her prior work experience within the Secretary's guidelines or "grids" used for determining [plaintiff's] disability. Deviation from the court's

> remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.

Sullivan v. Hudson, 490 U.S. 877, 885-86, 109 S. Ct. 2248, 2254 (1989) (citations omitted).

More recently, the Ischay court instructed that the "so-called rule of mandate 'presents a specific and more binding variant of the law of the case doctrine.' The rule of mandate requires that, on remand, the lower court's actions must be consistent with both the letter *and the spirit* of the higher court's decision." Ischay, 383 F.Supp.2d at 1214 (citations omitted). The court continued:

> The rule of mandate is similar to, but broader than, the law of the case doctrine. A district court, upon receiving the mandate of an appellate court cannot vary it or examine it for any other purpose than execution. Thus, a district court could not refuse to dismiss a case when the mandate required it, and a district court could not revisit its already final determinations unless the mandate allowed it[.]

Id., quoting Cote, 51 F.3d at 181 (citations omitted in original).

The Ischay court found that the ALJ violated the rule of mandate by reaching issues beyond the scope of the stipulated remand approved by the district court on its second review. Id. at 1218. In addressing the scope of the remand, the court explained that the stipulation for remand did not indicate "that remand was necessary to enable the ALJ to revisit any of the findings he had made in steps one through four of the second decision. Instead, the stipulation provided only that remand was necessary for the ALJ to obtain additional evidence on one narrow issue." Id. Finally, the court held that "[i]n approving the stipulation, the only thing that this Court authorized the ALJ to do on remand was to take additional evidence on the step-five issue of Plaintiff's amenability to vocational adjustment, and, by implication, to modify as necessary the step-five analysis he had produced in the second decision to whatever extent necessary in light of that new evidence." The court concluded that the ALJ erred by deciding issues beyond the scope of the remand order. Id. at 1219.

In this case, it first appears that the Appeals Council's order remanding the action to the ALJ itself failed to adhere to the confines of the stipulated remand. The Appeals Council ordered the ALJ to "[g]ive further consideration to [] the claimant's maximum residual functional capacity

during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations." [AR at 787-88.] This is significantly broader than the issues specified in the parties' stipulation for remand. Nowhere in the stipulation for remand did the parties contemplate further consideration by the ALJ of plaintiff's RFC as a whole. Rather, the parties stipulated to further consideration of plaintiff's RFC with respect to the reaching limitation, and to the extent it might have been impacted by proper consideration of the treating physician's opinion. Thus, it appears that the Appeals Council's order violated the rule of mandate.

Moreover, the ALJ went one step further in concluding that the Appeals Council's order rejected outright the previous RFC determination as unsupported by the evidence. Although the Appeals Council order could be interpreted as ordering a new RFC analysis, nowhere does it conclude that the RFC assessment made by the previous ALJ was not supported by the evidence or otherwise indicate that the previous RFC determination was flawed, except to the extent that the previous ALJ did not clarify the reaching limitation and did not consider the treating physician's opinion. [AR at 787-88.] Thus, the ALJ failed to comply even with the Appeals Council's order. See Ruiz v. Apfel, 24 F.Supp.2d 1045, 1050 (C.D.Cal. 1998) (finding error where ALJ considered issues beyond the scope of the orders of the district court and the Appeals Council).

Even if the ALJ's decision substantially complied with the Appeals Council's order, it certainly went beyond the scope of this Court's remand. The ALJ was to clarify the reaching limitations and properly assess the treating physician's opinion, which indicated that plaintiff could only stand/walk for one hour in an eight-hour workday. [AR at 627.] To the extent there was to be any reconsideration of plaintiff's RFC, it should have been with respect to those specific inquiries. Instead, the ALJ wholly disregarded the previous RFC assessment, reconsidered evidence already considered by the previous ALJ, and assessed a new, more restrictive RFC than had been assessed previously.

As explained above, the ALJ's decision considered evidence and analyzed issues beyond, and unrelated to, those contemplated by the stipulated remand. Regardless of whether the stand/walk limitation had been implicitly decided by the district court, and thus became the law of the case, the ALJ was not authorized to consider the issue anew as it was not included in the

1  specific orders to the ALJ in the December 2004 stipulation for remand. In doing so, the ALJ
2  violated the rule of mandate.

**D.    Exceptions to the Law of the Case and the Rule of Mandate**

In <u>Ischay</u>, the court recognized five circumstances under which a court may have discretion to depart from the law of the case, and by analogy the rule of mandate: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. <u>Ischay</u>, 383 F.Supp.2d at 1219-20, citing <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997).

First, the conclusion by the previous ALJ that plaintiff was limited to standing/walking for only two hours in an eight-hour day was not clearly erroneous. It is undisputed that plaintiff suffers from a severe back impairment. Moreover, the medical evidence establishes that this back impairment has impacted his ability to stand and walk. Multiple physicians noted a decreased tolerance for standing and walking, although the extent of the limitation varied. [AR at 383, 464, 581, 589, 627.] Significantly, plaintiff's treating physician, who is entitled to significant consideration (<u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996); <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citing <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987)); <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 761-62 (9th Cir. 1989)), concluded that plaintiff could only stand and walk for one hour each during an eight-hour day. [AR at 627.] This evidence supported the previous ALJ's findings as to the stand/walk limitation.

Second, there have been no intervening changes in the law relevant to any of the issues raised by plaintiff's claims.

Third, the evidence was not substantially different. The vast majority of the medical evidence before the latest ALJ was also before the previous ALJ. The only additional evidence considered by the subsequent ALJ were six treatment notes from the Clinica Medica Familiar, indicating treatment for back pain, anxiety, and depression [AR at 809-14]; a July 11, 2005, Orthopedic Consultative Examination, which reflects findings similar to other evaluations already

in the record [AR at 270-73, 276-83, 839-52]; a medications list dated December 27, 2005 [AR at 856-57]; and the testimony of medical expert Joseph Jensen, M.D. [AR at 743-62, 763-67.] Of this evidence, the only thing that could be considered substantially different from the evidence considered by the previous ALJ is the testimony of the medical expert. However, even if this testimony represents substantially different evidence, the Court finds, as did the Ischay court (id. at 1221), that equitable concerns weigh in favor of the application of the rule of mandate despite the existence of new, different evidence. Here, the stipulation for remand did not require, and in fact did not authorize, the ALJ to take additional testimony from a medical expert. To the extent additional testimony was contemplated by the remand order, it was in the form of vocational expert testimony. Thus, the ALJ should not have solicited medical expert testimony and this Court will not rely on that testimony to conclude that the rule of mandate does not apply.

As to the fourth factor, there are no other changed circumstances apparent to the Court that would be relevant to the application of the law of the case or the rule of mandate.

Finally, no manifest injustice will result from the application of either of these doctrines under the instant circumstances.

Accordingly, none of the five circumstances for departing from the law of the case or the rule of mandate exist here. Thus, the ALJ was not justified in departing from the December 21, 2004, order of this Court remanding the action pursuant to the stipulation of the parties. Remand is therefore required to allow the Commissioner to carry out the December 21, 2004, mandate of this Court.[4]

/

/

/

/

---

[4] As the ALJ's reconsideration of the issues on remand may impact the other issue raised by plaintiff in the Joint Stipulation, the Court will exercise its discretion not to address that issue in this Order.

## VI.

## REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to allow the ALJ to comply with the December 21, 2004, order remanding this action for further proceedings. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

DATED: October 20, 2008

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE